It further alleged that the defendant company was engaged in constructing a steam railroad in Cincinnati in that part of the city known as the Millcreek bottom; that the surface of the ground is much below the level of which said railroad was being constructed, and that by reason thereof the defendant company *238 was constructing this railroad on a trestle requiring the driving of a great number of piles in the ground as a support for such structure; that the defendant railroad company and its contractors, agents and employes threatened and were about to enter the property of the plaintiff and construct its railroad thereon in whole or in part without the consent of the plaintiff and against its protest and objection, and that in the execution of this work the said defendant company and its agents have driven a great number of piles in the ground upon the street in front of the premises of the plaintiff, and had piled upon the premises great quantities of lumber and other material to be used in connection with the work.
In its second cause of action the plaintiff sets up the defendant company and its agents were engaged in the building of a railroad track to be operated by steam in Garrard avenue in the city of Cincinnati in front of its said premises, and that said defendant company was engaged in driving a great quantity of piles in said avenue to a great depth for the purpose of constructing thereon a trestle for the accommodation of its road in said Garrard avenue, and that they were intending to and would complete the structure, which, when done, would extend in front of its property to a varying height from one foot to twenty-five above the established grade of Garrard avenue, and from three feet to sixty feet above the level of its present grade, and would-extend at the bottom nearly the full width of said avenue, and that the construction of said trestle in said avenue and operation of the railroad thereon in front of the lots of the plaintiff would destroy and greatly impair the usefulness of said avenue for street purposes as a highway and would destroy and greatly impair the rights of the plaintiff in said street, as owner of said premises abutting thereon where the value of its lots would be greatly deteriorated, and that by reason of the premises the plaintiff would suffer great and irreparable injury as the owner of said lots, and prays for an injunction against the defendant and its agents from encroaching on its said premises in any manner, and from erecting in Garrard avenue in front of its property the said trestle, and *239 from operating its steam railroad on said trestle until the right to do so has been lawfully quieted.
On December 23, 1902, the defendant company filed its answer. It denies that the plaintiff is the owner or in possession of the lands described in the first cause of action, and says that all said lands so described, a strip thirty feet wide, extending from Dayton street southwardly to Liberty street, commencing about the section line, and being the east thirty feet of said lands, has been dedicated to public use, and owned in fee by the city of Cincinnati for street purposes and constitutes a part of Garrard avenue in said city. It admits that it is driving, a great number of piles as alleged in said petition, and that it is engaged in the execution of this work as’ alleged, but denies that it threatens to or is about to enter upon any property of the plaintiff or construct any railroad thereon in whole or in part. It says that all its work of construction has been and will be done in Garrard avenue which is dedicated to public use; that its work of construction was entered upon and done and is being prosecuted under and by authority of an ordinance passed by the Board of Legislation of the city of Cincinnati on the-day of April, 1902, and an agreement between the city and itself whereby it was granted permission to construct its railroad in said Garrard avenue and used and occupied the same for railroad purposes, with its trestle, tracks and other structures.
In answer to the second cause of action it says that it admits that itself and its agents are building a steam railroad track in Garrard avenue in front of the premises of the plaintiff, except as to the east thirty feet thereof, which has befen dedicated to public use, and constitutes a part of Garrard avenue. It admits that it is now engaged in driving wooden piles into the soil of said avenue for the purpose of constructing its trestle for the accommodation of the railroad, and that it intends to, and will complete the structure; that when the same is finished it will extend in front of plaintiff’s premises from a point opposite Dayton street to Liberty street, but it denies that the construction of the trestle in said avenue and the operation of *240 its railway in front of said lands will destroy or greatly impair the usefulness of said avenue for street purposes and as a highway, and that it will destroy or greatly impair the rights of the plaintiff in said avenue, or that the value of the plaintiff’s land will deteriorate or that the plaintiff would suffer any injury by reason of the construction of said railroad in said street. It denies that it will construct any trestle or track upon that part of Garrard avenue upon which plaintiff’s freight house, platform and railroad tracks abut, but says that said improvements are located at a point several hundred feet north of the point where the defendant railroad departs from Garrard avenue. The defendant further says that all the property of plaintiff abutting on that part of Garrard avenue where defendant proposes to construct this road is open and unimproved, and is and .for a long time has been utterly useless for any purpose; that all of this property, including Garrard avenue, lies much below the established grade of said avenue and intersecting streets, to wit, from twenty to thirty feet; that Garrard avenue is now impassible and no use for any purpose, and that this is true of all the lands of the plaintiff, and that these lands 'lie about thirty feet below the line of extreme high water in . the Ohio river, and that the same are subject to overflow, and that the lands can only be used if filled up to the established grade of Garrard avenue, which is some twenty-five feet above the present surface of the earth, or by passing over it with trestles as is proposed and intended by the defendant. It denies that the plaintiff will be injured in any manner whatever by the construction of its road and alleges that the plaintiff has now no access to or through its lands by or through Garrard avenue because of the impassibility of the same, and that the construction of its roads in Garrard avenue will be of a benefit to the plaintiff, and that it is constructing its said railroad under and by virtue of an ordinance of the city of Cincinnati granting it authority so to do.
On March 25, 1904, the defendant company filed an amended and supplemental answer in which it sets forth that since the commencement of this action, to-wit, in March, 1903, the plaint *241 iff and itself entered into a written agreement, whereby in consideration of one thousand dollars paid by the defendant to the plaintiff, the plaintiff conveyed to it the right of way across the lands described in the petition as abutting on Garrard avenue, and extending from the center line of Garrard avenue upon an eight degree curve northwesterly to the lands owned by the Baltimore & Ohio Southwestern Railway Company, the same being a strip of land sixty feet wide and contained between parallel lines drawn parallel to and thirty feet distant on either side of the center line described in said agreement; that it was further stipulated in said agreement that the defendant should cross the land of the plaintiff with a wooden trestle upon which its tracks should be laid and operated, extending the whole length of the sixty foot strip above mentioned, from west to east of said plaintiff’s said tract of land, and to and into the center of Garrard avenue; said trestle to be erected at a height above said land of the'plaintiff corresponding to the height of the trestle extending southwardly in Garrard avenue, and without which southern extension said trestle would be entirely useless to the defendant for any purpose whatever. That it was stipulated further in the agreement that this wooden trestle should be removed not later than the first day of January, 1908, and a steel bridge substituted in its place. That the purpose and object of said trestle is to connect the line of the defendant’s railroad lying west of said lands with the extension thereof by means of a trestle in Garrard avenue, was well-known to the plaintiff and by its agents, and that the plans for the construction of the said trestle and the steel bridge were prepared and approved by the plaintiff’s engineers. That since the making of said agreement, the defendant has constructed said trestle so agreed upon over and across the lands of the plaintiff, and continued southwardly the same‘in Garrard avenue to Eighth street, and has laid its main track upon the same, and that it is now engaged in the ■ daily operation of freight and passenger trains thereon, its terminal station being at about Eighth street and Garrard avenue; that the purpose and intention of the defendant in con *242 strueting and operating its lines upon Garrard avenue and the necessity of constructing it upon a trestle so as to connect it with the trestle passing over the lands of the plaintiff were well known to all of the plaintiff’s officers and agents at the time said agreement was entered into, and the fact was also well known that the construction of said trestle would be a useless work without that part extending southwardly along said Garrard avenue, so as to enable the defendant to reach the surface of the ground to deliver freight and passengers, and prays that the petition of the plaintiff may be dismissed.
Since the filing of the original petition, as appears by the subsequent pleadings and the evidence, the right of the defendant to cross the plaintiff’s property has been granted it by virtue of an agreement entered into between the parties. Therefore the only question before the court is that presented by the pleadings relative to the building of the trestle in Garrard avenue and any injuries that may accrue to the property of the plaintiff that abuts upon Garrard avenue.
The evidence shows that Garrard avenue is a dedicated street, not improved or made, the present surface of which, including the present surface of plaintiff’s property, lies fifteen or twenty feet below the surface of the established grade of Liberty street and the established grades of streets crossing Garrard avenue.
It is admitted that Garrard avenue has no established grade. The city of Cincinnati, by ordinance, extended to the defendant company the right to occupy Garrard avenue with its trestle for railroad purposes; that since the bringing of the suit the agreement set up in the supplemental answer of the defendant was entered into between the parties, whereby permission was given to cross the property of the plaintiff. And the real question, therefore, is as to the injury to any property rights which the plaintiff may have in Garrard avenue by reason of the building of the trestle, by which the entrance of the railroad into the city is effected.
The rights of an abutting property owner in a street is a right of ingress and egress to and from his property. In the case at bar the plaintiff’s ground is being used for no purpose *243 whatsoever, railroad or otherwise. The evidence discloses that annually it is flooded with water. The surface of the lot itself is even with the surface of the ground in Garrard avenue, as admitted; and the first question to determine is, what, if any, material injury would accrue to the property rights of the plaintiff, to-wit, the ingress and egress to and from its lot, by reason of the erection of the trestle?
The testimony clearly shows that in the condition in which the property is at present, no material injury would happen to the plaintiff’s rights of property by the erection of the trestle. . And if Garrard avenue should ever afterwards be filled up to the established grade of Liberty street and those streets crossing it, and the lot of the plaintiff should be filled to its established grade, that even then, with the trestle as erected, or with the standards to support the railroad being placed plumb upon the fill of Garrard avenue, the property rights, to-wit, the ingress and egress to the plaintiff’s property, would not be injured. Railway Co. v. Lawrence, 38 O. S., 41.
In addition to this, the agreement made between the plaintiff and the defendant, whereby the defendant was allowed to cross the property of the plaintiff and to run its track 200 feet down Garrard avenue, would, in equity itself, estop the plaintiff from the complaint it now makes. For the reason that the testimony clearly shows that by the building of the trestle over plaintiff’s property, and the agreement to build a steel trestle within a specified time, unless the defendant could extend its road down Garrard avenue, so as to bring its trains to grade, the defendant would have acquired no use for the .purchase of the right to cross plaintiff’s property, and the expense that it has gone to in building its trestle over the property of plaintiff, and the further agreement to make said trestle a steel bridge in course of time would avail the defendant nothing.
The court is further of the opinion that an injunction will not lie because the plaintiff has no adequate remedy at law; that is, for the damages that might accrue by reason of the property rights of the plaintiff being infringed, a jury could be impanneled to assess the damages therefor, by reason of the *244 taking or the injury, to the ingress and egress to and from plaintiff’s property, if there be such taking or injury. Our statutes provide amply for this.
Harmon, Colston, Goldsmith cfc Hoadly, for plaintiff.
Pech, Shaffer & Pech, for defendant.
Again, the public, so far as the use of Garrard avenue is concerned, is not complaining, but it is a private owner of abutting property. And it is a well settled rule of law that public rights can not be worked out through private rights, and vice versa.
The court is therefore of the opinion that the city of Cincinnati having given to the defendant the right to erect its trestle, and the agreement having been entered into between the plaintiff and defendant as set out in the supplemental answer, and no material injury having resulted to the property rights of the plaintiff, and the plaintiff having an adequate remedy at law for any infringement upon such rights, if such rights have been infringed upon, the injunction should not be allowed. And an order may be taken in accordance herewith.